UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| IRENE WELLS, LEE MCCLINTOCK, | ) | |
|---|---|---|
| and MILTON BOYD, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO: 2:14-CV-63 |
| | ) | |
| JUDY DULANEY, and THE ALDERMAN [sic] | ) | |
| OF THE TOWN OF BLUFF CITY, collectively, | ) | |
| and THE TOWN OF BLUFF CITY, | ) | |
| TENNESSEE, | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

    This complaint alleging racial discrimination and violation of civil rights under federal and state law was originally filed in the Sullivan County, Tennessee Chancery Court at Bristol and was removed to this Court on March 3, 2014 pursuant to 28 U.S.C. §§ 1441 and 1443, [Doc. 1]. Currently pending before the Court is the motion of all defendants to dismiss or, in the alternative, for summary judgment[1] , [Doc. 3], filed on March 7, 2014. Plaintiffs responded on April 24, 2014, and "abandon[ed] any federal cause of action[2]," [Doc. 8]. Defendants replied on April 25, 2014, [Doc. 15]. On May 2, 2014, plaintiffs filed a "Rejoinder To Defendants' Reply," [Doc. 16], in which they "agree that a partial summary judgment may properly lie to the federal causes of action," and defendants have filed a further reply to plaintiffs' rejoinder, [Doc. 17]. On June 6, 2014, plaintiffs filed a supplement to Defendants Wells's and Boyd's response along

---

[1]   The defendants acknowledge that because exhibits and an affidavit are attached, Rule 56 is the proper rule governing this motion, and the Court agrees. The Court will consider the motion as one for summary judgment.
[2]   To the extent plaintiffs seek, by this pleading, to voluntarily dismiss their federal claims pursuant to Rule 41 of the Federal Rules of Civil Procedure, defendants object. Plaintiffs may not voluntarily dismiss their federal claims without a court order after a motion for summary judgment has been filed, as is the case here. See Fed. R. Civ. P. 41(a)(1)(A)(i).

1

with the affidavit of Wells, [Doc. 19].  The matter is now ripe for disposition and, for the reasons which follow, defendants' motion for summary judgment will be GRANTED as to the claims which arise under federal law.  The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and they will be REMANDED to the Chancery Court for Sullivan County, Tennessee at Bristol.

The summary judgment standard is well settled.  Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute.  *Id.* at 322.  A mere scintilla of evidence is not enough.  *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000).  This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.  *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.  If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of

2

proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id*. A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary to the non-moving party. *Id.* at 248-52.

The plaintiffs, who are "African American or at least partially African American," and the only African American employees of the Town of Bluff City, sue the town's City Manager, Judy Dulaney[3], the Town itself, and the Town's Aldermen for racial discrimination. Wells, the elected mayor[4] of Bluff City, asserts that the aldermen met secretly and made certain decisions prior to a meeting on July 1, 2001. Wells alleges that the meeting was called illegally and in violation of the Charter of the Town of Bluff City. At the meeting, Dulaney, the Town's recorder and finance officer, was named city manager, according to Wells, in violation of the Charter of the Town and contrary to tradition in Bluff City for the mayor to be named city manager. The aldermen also voted to take plaintiffs' office and use it for storage space and required Wells to move out. Defendant Dulaney, it is alleged, picked up mail and would not

---

[3] Although this defendant's name is spelled "Dulaney" in the caption of plaintiffs' complaint, it is spelled "Delaney" throughout the body of the complaint. The correct spelling is apparently "Dulaney," [*see* Doc. 3-12], and will be spelled that way in this memorandum.

[4] Although unclear from the complaint, Wells was/is an elected alderman of the town of Bluff City and was elected mayor by a vote of the aldermen collectively.

3

deliver plaintiff's mail to her, and refused or delayed information to Wells about the Town's business and financial transactions. The city attorney was instructed not to provide to Wells any information about the Town's legal business. "To this day, secrets are kept from plaintiff, and file cabinets are maintained by chain and padlock." All of this, alleges Wells, was motivated by racial animus.

McClintock was a police officer employed by Bluff City. On an unspecified date, he was at the department computer processing speeding tickets but left the building to answer a call about a home fire with a child possibly inside the home. A reserve officer remained at the department working on the tickets. Dulaney fired McClintock because he left the computer on for the reserve office to use. He alleges he was fired because he is African American.

Boyd was a foreman or supervisor with Bluff City's public works. Dulaney placed another person over him who was white and was paid a greater salary, giving him the title of director of public works. The white supervisor was given a city automobile which he was allowed to drive home; Boyd was never provided with an automobile. These decisions, it is alleged, were made based on racial discrimination and the discrimination continues to date.

Plaintiffs seek compensatory and punitive damages and attorney's fees and expenses as well as injunctive relief.

Plaintiffs' federal racial discrimination claims are governed by Title VII of Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq*. "In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of racial discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989) (citing 42 U.S.C. § 2000e-5(b)); *see also Morgan v.*

4

*Washington Mfg. Co.*, 660 F.2d 710, 711 (6th Cir. 1981).  A plaintiff must satisfy two prerequisites before filing a Title VII action in federal court:  (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue (right to sue letter).  *Puckett v. Tennessee Eastman Company*, 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1) and *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973)).

To timely assert a claim under Title VII, a plaintiff must "file a charge with the EEOC within 180-days after the alleged unlawful practice or within 300 days where the plaintiff first files with a state or local employment agency."  *Joishy v. Cleveland Clinic Foundation*, 3 Fed. App'x 259, 261 (6th Cir. 2001) (citing 42 U.S.C. § 2000e-5(e)).  A Title VII plaintiff must file his lawsuit within 90 days after receiving the right-to-sue letter.  *Paige v. Metropolitan Sewer District of Louisville*, 84 Fed. App'x 583, 584-85 (6th Cir. 2003).  In the Sixth Circuit, there is a presumption "that mail is received by the addressee and the ninety day time limit begins to run five days after the EEOC Notice of Right to Sue is mailed."  *Cook v. Providence Hospital*, 820 F.2d 176, 179 n.3 (6th Cir. 1987).

Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Banks v. Rockwell Int'l Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988).  The limitations period for filing an EEOC charge is subject to equitable tolling, waiver, and estoppel.  *Puckett*, 889 F.2d at 1486.  In determining whether equitable tolling is appropriate, five factors are taken into consideration:  (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing ones rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining

5

ignorant of the particular legal requirement for filing his claim. *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). Equitable tolling, however, should be "granted only sparingly." *Id.*

    **A.    Irene Wells**

Plaintiff Wells filed a complaint with the Tennessee Human Rights Commission ("THRC") on September 28, 2011, asserting race discrimination. At the same time, she also submitted a complaint to the EEOC. On October 30, 2012, the THRC dismissed the complaint and found that "there is no reason to believe [Bluff City] was engaged in a discriminatory practice." The EEOC adopted the findings of the THRC and issued its right-to-sue letter on December 7, 2012. Wells had 95 days from December 7 to file her complaint. Wells filed a state chancery court complaint on December 18, 2012, but did not raise a claim of racial discrimination. She dismissed the chancery court complaint voluntarily on April 17, 2013. She filed the instant complaint, alleging race discrimination, in the chancery court on February 6, 2014, fourteen (14) months after the right-to-sue letter from the EEOC. Because plaintiff Wells's Title VII complaint was not timely filed, it is time barred.

The Title VII claims of plaintiff Wells are subject to dismissal for another reason. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual" on the basis of prohibited discrimination. 42 U.S.C. § 2000e-2(a)(1). Notwithstanding the statutory language referring to "individual[s]," courts have limited Title VII's protection to individuals who are "employees." *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151, 157 (6th Cir. 2004) (citing *Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998)). The term "employee" means an individual employed by an employer, except for any person elected

6

to public office in a state or political subdivision of a state. It is undisputed that Wells was the elected Mayor of Bluff City, a political subdivision of the State of Tennessee.[5]

Plaintiff Wells's Title VII claim is subject to dismissal on this basis also.

### B. Lee McClintock

McClintock's last day of work as a police officer employed by Bluff City was August 18, 2011. He filed his original racial discrimination claim with the THRC in November, 2011. The THRC dismissed the complaint on August 15, 2013, and found "no reasonable cause to believe that [Bluff City] has engaged in a discriminatory practice." The EEOC adopted the THRC findings and issued its right-to-sue letter on October 23, 2013. McClintock filed his complaint asserting his Title VII racial discrimination claim in the instant case approximately 170 days after the right-to-sue letter. McClintock's Title VII claim is therefore time barred.

### C. Milton Boyd

Boyd retired from his employment with Bluff City on November 3, 2012. Boyd never filed a claim with THRC or EEOC. His claim is clearly time-barred and he argues no basis for equitable tolling.

Supplemental to their Title VII claims, plaintiffs also assert claims pursuant to Tennessee state law. While acknowledging the Court's discretion to remand the state law claims to the state court from which they were removed, the defendants nevertheless urge the Court to dismiss the complaint in its entirety. Plaintiffs, on the other hand, apparently not recognizing the Court's

---

[5] Although the complaint states that Wells was "appointed" Mayor of Bluff City, the affidavit of Dulaney establishes that Wells held the position of Mayor of Bluff City, an elected position. In addition, Wells's own affidavit, [Doc. 19-1], acknowledges that she was "elected by the people of Bluff City." Even if plaintiff Wells contested the dismissal of her federal Title VII claims, the allegation of her complaint does not create a genuine issue of material fact. As noted in the body of the memorandum, the party opposing a Rule 56 motion may not simply rest on the mere allegations contained in the party's pleadings.

7

discretion with respect to the state law claims, argues that "with the federal claims gone, the court has no choice but to remand."

The power of Article III courts to exercise supplemental jurisdiction over state law claims derives from 28 U.S.C. § 1367, which states, in pertinent part:

> . . . in any civil action in which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

U.S.C. § 1367(a). Section 1367(c) provides the district courts may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

The United States Supreme Court has made it clear that pendent or supplemental jurisdiction over state claims "is a doctrine of discretion, not of plaintiff's right, and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997). District courts may exercise their discretion with respect to supplemental claims "in the manner that best serves the principles of the economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Muson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Although there is some overlap between the issues related to plaintiffs' federal Title VII claims and their state claims under the Tennessee Human Resources Act ("THRA"), there are

8

numerous other claims related to alleged violations of the Town Charter and violations of the Tennessee Open Meetings Act which should in fact be addressed by the state courts. The Court therefore declines to exercise supplemental jurisdiction over plaintiffs' state law claims after the dismissal of all claims over which it had original jurisdiction. The state law claims will therefore be remanded to the Chancery Court for Sullivan County, Tennessee at Bristol.

In conclusion, defendants' motion for summary judgment with respect to plaintiffs' federal claims is GRANTED. The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims and those claims are REMANDED to the Chancery Court for Sullivan County, Tennessee at Bristol.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

This matter